Stanley STERNER, Petitioner,

v.

DEPARTMENT OF the ARMY, Respondent.

Appeal No. 60–82.

United States Court of Appeals, Federal Circuit.

July 5, 1983.

---

Peter B. Broida, Washington, D.C., for petitioner.

Robert A. Reutershan, Washington, D.C., for respondent. J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner and Judith E. Cohn, Washington, D.C., were on brief for respondent. Curt Schmauder, Army Corps of Engineers, of counsel.

Before RICH, MILLER and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

Petitioner appeals from the decision of the Merit Systems Protection Board (board) denying his petition for attorney's fees under the Civil Service Reform Act of 1978. We affirm.

## I.

Petitioner was a computer operator with the Department of the Army. He was removed, effective February 23, 1981, on the basis of five charges of misconduct. Petitioner admitted two of the charges—falsely using his superior's name to obtain priority for a project and briefly leaving the computer center unattended in connection with a Christmas party—and he denied the other three.

In an exhaustive opinion, the presiding official found that the Army had failed to prove the three contested charges. On the basis of the two admitted charges she ordered the penalty reduced to a 16-day suspension, the maximum permitted by the Army's Table of Penalties. No petition for review was filed and the field office decision became final on July 30, 1981.

On August 19, 1981, petitioner filed for attorney's fees pursuant to the Civil Service Reform Act.[1] Under the guidelines set out by the board in *Allen v. United States Postal Service*,[2] the presiding official identified three issues to be considered prior to award of fees: (1) whether petitioner was the prevailing party, (2) whether attorney's fees were warranted in the interest of justice, and (3) whether the requested fees were reasonable. She held that petitioner was "technically the prevailing party in that the removal action was reversed," but concluded that since petitioner "was not found to be 'substantially innocent' of the charges * * * the interests of justice would not be served by awarding him attorney fees." The issue of the reasonableness of the claimed fees was not reached. The board denied review on July 26, 1982, and petitioner appealed to this court.

Two issues are presented on appeal. First, the Government questions whether petitioner was a prevailing party and so even eligible for attorney's fees. Second, petitioner contests the board's finding that an award would not be warranted in the interest of justice. We hold that petitioner was a prevailing party, but that the board did not abuse its discretion in declining to award attorney's fees.

## II.

Before turning to the precise questions raised, we must establish the statutory framework in which they appear. Section 7701(g)(1), the attorney's fees provision in the Civil Service Reform Act, reads:

> * * * the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

This provision obviously establishes the prerequisites to award of attorney's fees. Just how many prerequisites there are and how they fit together is less clear—the board sets out the three noted above;[3] this court has noted in addition that the fees must be actually incurred;[4] and the presiding official found it necessary to discuss the existence of an attorney-client relationship. We therefore take this opportunity to clarify the analysis of attorney's fees petitions.

■ We hold that an award of attorney's fees under section 7701(g)(1) has two pre-

---

**1.** 5 U.S.C. § 7701(g)(1) (Supp. V 1981). The corresponding board regulation, 5 C.F.R. § 1201.37 (1983), essentially paraphrases the statutory standard.

**2.** *Allen v. United States Postal Service*, 2 M.S. P.B. 582, 586 (1980).

**3.** *See supra* text accompanying note 2.

**4.** *Bennett v. Department of the Navy*, 699 F.2d 1140, 1142 (Fed.Cir.1983) (dicta).

requisites, both of which must be fulfilled, both of which must be considered in all cases, and as to both of which the petitioner bears the burden of proof: (1) the petitioner must be a prevailing party, and (2) the award must be warranted in the interest of justice.[5] The reasonableness of the fee is a subsidiary (though no less crucial) issue which need only be addressed after entitlement is established. Other factors, like existence of an attorney-client relationship and actual payment of the fees, are of course also necessary ingredients. However, we prefer the two-prerequisite analysis because it emphasizes the two factors which were made *express* conditions by the statute[6] while actual payment and the attorney-client relationship, like the requirement that the petitioner be an employee or applicant, are implicit conditions and likely to be given in most cases.

The present case is no oddity in this respect. There has never been any dispute that petitioner was an employee and that he hired and paid an attorney. The reasonableness of the fees has never needed to be reached. So we turn to the two issues in this case: whether petitioner meets the two prerequisites to an award of attorney's fees.

**5.** *Accord Bennett,* 699 F.2d at 1146; *Lewis v. United States Marine Corps,* 674 F.2d 714, 715–16 (8th Cir.1982).

**6.** Only the two prerequisites of prevailing and interest of justice are placed after the conditional, "if." The other requirements—reasonable fees, being an employee, etc.—are generally descriptive of awards under § 7701(g)(1). The committee reports mention only the two express prerequisites. S.Rep. No. 969, 95th Cong., 2d Sess. 61, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2783; H.R.Rep. No. 1717, 95th Cong., 2d Sess. 142, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2860, 2876 (Conference Report; same as Senate Conference Report, S.Rep. No. 1272, 95th Cong., 2d Sess. (1978)).

**7.** *Hodnick v. Federal Mediation & Conciliation Serv.,* 4 M.S.P.B. 431, 434 (1980).
The board went on to say that an award could be made "regardless of whether a final decision has been reached" so long as a causal relationship exists between the appeal and the

## III.

The Government contends that petitioner is ineligible for an award of fees in that he is not a prevailing party within the meaning of the first prerequisite because he was not substantially innocent of the charges against him.

## A.

◼ The meaning of "prevailing party" in section 7701(g)(1) is an issue of first impression for this court. The board has considered it and in the *Hodnick* case said:[7]

An appellant may be deemed a "prevailing party" for purposes of such an award if he or she has obtained all or a significant part of the relief sought in petitioning for appeal * * *.

The board supported its position by reference to other attorney's fees and costs statutes. The general rule under the Civil Rights Act of 1964,[8] the Civil Rights Attorney's Fees Awards Act of 1976,[9] and the Freedom of Information Act[10] is that a party need not have completely prevailed on every issue, but only have substantially prevailed or have prevailed on a significant portion of his claims. This is a sensible

reduced penalty. *Id.* While this position is supported by the weight of authority, *see, e.g., Hanrahan v. Hampton,* 446 U.S. 754, 757–58, 100 S.Ct. 1987, 1989–1990, 64 L.Ed.2d 670 (1980) (per curiam) (attorney fees under 42 U.S.C. § 1988); *Foster v. Boorstin,* 561 F.2d 340, 342–43 (D.C.Cir.1977) (42 U.S.C. § 2000e–5(k)), it is not presented by the facts in this case and we express no opinion on it.

**8.** 42 U.S.C. § 2000e–5(k) (1976). *See Manhart v. City of Los Angeles,* 652 F.2d 904, 906–07 (9th Cir.1981); *Adams v. Reed,* 567 F.2d 1283, 1287–88 (5th Cir.1978).

**9.** 42 U.S.C. § 1988 (Supp. V 1981). *See Hanrahan,* 446 U.S. at 757–58, 100 S.Ct. at 1989–1990; *Hensley v. Eckerhart,* 461 U.S. ——, ——, 103 S.Ct. 1933, 1938–39, 76 L.Ed.2d 40 (1983).

**10.** 5 U.S.C. § 552(a)(4)(E) (1976). *See Cox v. Department of Justice,* 601 F.2d 1, 6 (D.C.Cir. 1979).

basis for determining the interpretation of prevailing party here, as there is no indication that Congress uses that term in different ways in different contexts. We would only add that the Equal Access to Justice Act, to which we have in the past turned for guidance in interpreting section 7701(g)(1),[11] has also been interpreted to require less than total victory to satisfy the requirement of prevailing.[12] We therefore approve the board's formulation of the standard, quoted above, for determining who is a prevailing party.[13]

In applying this standard, it should be borne in mind that determining who prevails is really no more than a totaling up of who won and who lost. It is a practical matter: for example, if a penalty is imposed against an employee and, as a result of his appeal, it is reduced, then that employee may be deemed to have prevailed.[14] The determination of who prevailed is, af-

ter all, only a threshold test of *eligibility;* the more difficult question of *entitlement* is reserved for the second prerequisite, "warranted in the interest of justice."[15] Eligibility is broad but the entitlement standard operates to limit it.

### B.

Given this analysis, petitioner's lack of substantial innocence is not controlling at the first, eligibility, stage. Whether a party prevails is not a question of merit or justice,[16] but a practical test designed to determine as an initial matter who is eligible for attorney's fees. However, the extent of a party's victory is clearly relevant generally to the justice of his cause. Therefore, corollary to our holding with respect to prevailing party, we also hold that the de minimis nature of the victory obtained by a prevailing employee may be considered by the board under the aegis of the second,

---

**11.** *See Bennett,* 699 F.2d at 1144.

**12.** 28 U.S.C. § 2412 (Supp. V 1981). *See American Trucking Ass'ns v. Interstate Commerce Comm'n,* 666 F.2d 167, 169 (5th Cir. 1982) ("successful in large part"); *Philpott v. Gardner,* 403 F.2d 774, 775 (6th Cir.1968) ("partial recovery on a claim previously denied in full") (interpreting § 2412 prior to amendment to cover attorney fees as well as costs).

**13.** It is entirely proper that we should approve the *board's* formulation so long as it is fully in accord with the statute, because the discretion to award attorney's fees, provided in the statute, lies with the board. *See infra* part IV.A. and note 20.

**14.** The Fourth Circuit put it this way: " * * * If, as in this case, there is initially a genuine dispute as to whether the plaintiff fee claimant is a 'prevailing party,' inquiry on that question might well proceed first. This inquiry is properly a pragmatic one of both fact and law that will ordinarily range outside the merits of the basic controversy. Its initial focus might well be on establishing the precise factual/legal condition that the fee claimant has sought to change or affect so as to gain a benefit or be relieved of a burden. With this condition taken as a benchmark, inquiry may then turn to whether as a quite practical matter the outcome, in whatever form it is realized, is one to

which the plaintiff fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition. * * * "
*Bonnes v. Long,* 599 F.2d 1316, 1319 (4th Cir. 1979) (interpreting 42 U.S.C. § 1988), *reaff'd after remand,* 651 F.2d 214 (1981), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982). *But see id.,* 455 U.S. at 961, 102 S.Ct. at 1476 (Rehnquist, J., dissenting from denial of certiorari).

**15.** The District of Columbia Circuit has said: " * * * if a party in fact substantially prevails in his action, then he is eligible for an award of attorney's fees. *Eligibility, however, does not mean entitlement.* Indeed, were it appropriate for us to consider the question here, we would have serious reservations about the propriety of an award of fees on the facts of this case. * * * " (Emphasis supplied; footnote omitted.) *Cox,* 601 F.2d at 6. *See also Hensley,* 461 U.S. at ——, 103 S.Ct. at 1938–39.

**16.** It is instructive to note that the phrase "substantially innocent" was used by Senator Mathias, in the Senate mark-up of the bill which became the Civil Service Reform Act, to describe in part what was meant by the term "interest of justice." Transcript of Mark-up of S. 2640, Senate Comm. on Governmental Affairs, 95th Cong., 2d Sess. 124 (May 22, 1978).

"interest of justice," prerequisite.[17] This consideration is entirely consistent with the board's guidelines in the *Allen* case in that it concentrates on the magnitude of the injustice done the employee and in that the *Allen* guidelines do not purport to exclude other factors relevant to the interest of justice.[18]

This factor should not be used by the board as a "litmus test."[19] It may carry great weight in a particular case, but it is not automatically dispositive. Furthermore, the reversal of a penalty of removal will in all cases *not* be de minimis under this standard. Removal is the most serious penalty available to the agency and the most harmful to the employee, so the avoidance of removal should be considered a sufficient degree of success to overcome use of this factor to deny fees.

In the present case, petitioner appealed three of the five charges against him and the penalty of removal based thereon. The board reversed all three charges and reduced the penalty to a suspension. Thus, as a practical matter, petitioner prevailed. The presiding official was right on the mark in saying that petitioner prevailed—"technically" or otherwise—"in that the removal action was reversed." The fact that petitioner got everything he asked for makes this an easy case; he has never contested the two charges upon which the board based the suspension penalty. Petitioner having established his eligibility for an award, we now turn to the question of his entitlement.

## IV.

Petitioner asks that we remand the case to the board for reconsideration of entitlement. The board, petitioner claims, has interpreted the interest of justice standard *solely* to punish governmental misconduct and has consequently failed to consider the compensatory purpose of the provision for award of attorney's fees.

### A.

■ Our first task is to reaffirm what is already settled: the board is given great discretion under section 7701(g)(1) in awarding attorney's fees and consequently this court will accord the board's determination great deference.[20] The permissive language of the statute—"*may* require payment" (emphasis supplied)—and the subjectivity of the ultimate standard—"warranted in the interest of justice"—compel this conclusion, and the legislative history confirms it.[21]

Petitioner suggests that the board has abdicated its position of impartiality on the basis of which it exercises its discretion. Petitioner cites particularly the *O'Donnell* and *Kling* cases[22] as examples of the board's taking an adversarial position against award of fees. We do not believe, however, that the board's statements—that fees should *not* be a windfall at the expense

17. *See Adams,* 567 F.2d at 1288. *Cf. Hensley,* 461 U.S. at ——, 103 S.Ct. at 1940 ("degree of success obtained" is a crucial factor under 42 U.S.C. § 1988 in determining amount of fee). Section 1988 is substantially different from § 7701(g)(1), and the Court's discussion is of the *amount* of the award rather than entitlement. Nevertheless, the Court's discussion of extent of success is instructive in the present context.

18. *Allen,* 2 M.S.P.B. at 593. These are discussed in more detail in part IV.B., *infra.*

19. *See Allen,* 2 M.S.P.B. at 593.

20. *Bennett,* 699 F.2d at 1146. *See also Lewis,* 674 F.2d at 716.

21. S.Rep. No. 969 at 61, 1978 U.S.Code Cong. & Ad.News at 2783; H.R.Rep. No. 1717 at 142, 1978 U.S.Code Cong. & Ad.News at 2876 (Conference Report).

22. *O'Donnell v. Department of the Interior,* 2 M.S.P.B. 604 (1980); *Kling v. Department of Justice,* 2 M.S.P.B. 620 (1980). Together with *Allen,* these cases form a basic trilogy on attorney's fees.

of the public fisc [23] and that fee requests should be scrutinized closely [24]—support petitioner's allegation. The board's statements in context are irrelevant to the matter at hand because they concern the reasonableness of fees, an issue which we have said above is subsidiary to entitlement. Furthermore, even as applied to this situation the statements merely demonstrate a legitimate, even laudable, concern that the public pay only that which it truly owes and no more. We therefore reject petitioner's argument that the board's decision on attorney's fees not be given the deference which the statutory discretion in these matters would otherwise require.

### B.

The board in the *Allen* case set out guidelines for awarding attorney's fees in the "interest of justice." It discussed at great length the statute, its legislative history, and other precedent in the attorney's fees area,[25] and it concluded: [26]

> We do not believe it advisable to expound further at this early stage of implementing the award provision. Particular applications can best be determined by the Board on a case by case basis, with the benefit of a full record and the insights and reasoning of the presiding official who heard the evidence in each case. * *

> We do, nonetheless, believe we can provide prospective guidance by summarizing here circumstances as extracted from the legislative history of the Reform Act, which may warrant fee awards. While some of the examples mentioned in the course of the deliberations on the Reform Act may overlap in concept, or might be covered as well by the two statutory illustrations in section 7701(g)(1) as enacted, the examples as originally expressed pro-

vide a useful indication of circumstances considered to reflect "the interest of justice":

> 1. Where the agency engaged in a "prohibited personnel practice" (§ 7701(g)(1));

> 2. Where the agency's action was "clearly without merit" (§ 7701(g)(1)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency;

> 3. Where the agency initiated the action against the employee in "bad faith," including:

> a. Where the agency's action was brought to "harass" the employee;

> b. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways";

> 4. Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee;

> 5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.

> We emphasize that the foregoing summary is not exhaustive, but illustrative. Nor is it a catalogue of litmus paper tests for award or denial of attorney fees. Rather, these examples should serve primarily as directional markers toward "the interest of justice"—a destination which, at best, can only be approximate. * * * [Footnotes omitted.]

The Senate Report, explaining the board's discretion inherent in the statutory language, firmly places primary responsibility for developing an attorney's fees policy in the hands of the board: "The circumstances justifying the award of attorney's fees is left to the discretion of the Board to

---

**23.** *O'Donnell,* 2 M.S.P.B. at 611.

**24.** *Kling,* 2 M.S.P.B. at 624–25.

**25.** *Allen,* 2 M.S.P.B. at 585–94.

**26.** *Id.* at 592–93.

develop in light of its experience."[27] The *Allen* guidelines are reasonable and are firmly based in the statute and legislative history; we therefore have no basis for altering the *Allen* guidelines, noting that all they are is a set of guidelines and that *Allen* itself emphasized that the examples given were "not exhaustive."

### C.

■ Petitioner charges that these guidelines unduly emphasize agency malefaction at the expense of employee compensation and that the board has taken the position that it will not consider economic hardship in granting fees. This position, he argues, violates the compensatory goal of attorney's fees awards.

Petitioner overstates the board's position. In the *Kirkpatrick* case, on which petitioner relies, the board held that to award attorney's fees to "*all* applicants or potential applicants for disability retirement who prevail * * * in the interest of justice" (emphasis supplied) would in effect collapse the prevailing party prerequisite into the interest of justice prerequisite, in violation of the *Allen* analytical structure of separate prerequisites.[28] The board has not absolutely rejected economic hardship as a criterion for award of attorney's fees, but rather has rejected its use to permit awards in all cases.

The board's position is clearly correct. The Senate Report states specifically that "award of attorney's fees should not become * * * the ordinary practice in cases which the employee wins,"[29] and this warning is borne out in the statutory structure which requires *both* that an employee prevail *and* that the award be in the interest of justice. As we have said above, the second prerequisite is intended to be a limiting factor on the broad prevailing party prerequisite. Economic hardship per se would not perform this limiting function because removal or suspension and the consequent litigation costs will always be a hardship and Congress has chosen to redress this hardship only in certain cases. It is worth noting that while the Congress did not eventually pass the Senate bill's limitation of entitlement to cases of agency bad faith, it is agency misconduct at which the provision is primarily aimed.[30] The board therefore correctly rejected a standard which emphasizes economic hardship as a principal determinant of the interest of justice.

We note, however, that *Kirkpatrick* is limited to rejection of an extremely broad claim of entitlement and that the *Allen* guidelines do not purport to be exhaustive. The statutory examples are likewise not meant to be exhaustive.[31] Section 7701(g)(1) does have a general goal of removing impediments to the litigation of a meritorious claim, as the board has recognized,[32] so the board may well wish to consider *extraordinary* economic hardship in appropriate cases, for example, cases in which the extraordinary hardship was caused by the agency's misconduct.

### D.

■ On this basis, we now examine the record to determine whether the board im-

27. S.Rep. No. 969 at 61, 1978 U.S.Code Cong. & Ad.News at 2783. *See also* H.R.Rep. No. 1717 at 142, 1978 U.S.Code Cong. & Ad.News at 2876 (examples in statute are "illustrative only and [do] not limit the official from awarding attorneys' fees in other kinds of cases").

28. *Kirkpatrick v. Office of Personnel Management,* 5 M.S.P.B. 97, 98 (1981).

29. S.Rep. No. 969 at 61, 1978 U.S.Code Cong. & Ad.News at 2783.

30. Section 7701(g)(1) itself gives as examples a prohibited personnel practice and an action "clearly without merit." *Compare* S.Rep. No.

969 at 60, 226 (Senate "bad faith" standard), 1978 U.S.Code Cong. & Ad.News at 2782, *and* H.R.Rep. No. 1717 at 32 (Conference compromise "warranted in the interest of justice" standard) *with* H.R.Rep. No. 1403, 95th Cong., 2d Sess. 310 (1978) (House "is warranted" standard). *See generally Allen,* 2 M.S.P.B. at 587–90 (discussion of legislative history).

31. H.R.Rep. No. 1717 at 142, 1978 U.S.Code Cong. & Ad.News at 2876 (Conference Report).

32. *Kling,* 2 M.S.P.B. at 627.

properly refused to consider evidence of economic hardship. Petitioner's sole economic contentions in his petition for attorney's fees were that he "has been forced to incur legal expenses, * * * personal hardship, and emotional stress." He has subsequently alleged no more than this. His claim presents no more than what any incorrectly removed employee suffers, and to award fees here would in effect nullify the interest of justice requirement, as in the *Kirkpatrick* case. It is true that the presiding official did not allude to this allegation of hardship, but the allegation falls so far short of extraordinariness that remand would serve no purpose. The presiding official instead concentrated on the justifiability of the agency's and petitioner's conduct and found fees not to be warranted. On appeal petitioner can only really argue that the board incorrectly exercised its judgment. Given the deference which we must give such judgments, it must stand. We note, however, that we see no reason to dispute the board's judgment in this case.

### V.

To summarize, there are two prerequisites to an award of attorney's fees under section 7701(g)(1) which the board must address in each case: whether the employee is the prevailing party and whether an award is warranted in the interest of justice. Determination of prevailing party should be a simple task of deciding whether the employee succeeded in obtaining all or a significant part of the relief sought. The question of substantial innocence is not germane to this initial inquiry. This petitioner, having achieved reversal of his removal, was therefore the prevailing party.

The board has considerable discretion in determining when an award is warranted in the interest of justice. The non-exclusive guidelines in *Allen* are a valid starting point. The board may also consider the extent of the employee's success. Economic hardship per se is not a proper consideration as it would tend to undermine the statutory

intent, but the board may wish to consider extraordinary hardships in appropriate cases. The instant case, however, does not present such extraordinary hardship, nor does it present an example of such egregious agency action that we will overturn the board's judgment that an award is not justified. The decision of the Merit Systems Protection Board is therefore affirmed.

AFFIRMED.