**Julius SEBOCK, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 88–3383.

United States Court of Appeals,
Federal Circuit.

May 10, 1989.

Elaine W. Wallace, Oakland, Cal., submitted for petitioner.

Elizabeth S. Woodruff, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief were James M. Strock, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel and Murray M. Meeker, Office of Gen. Counsel, Office of Personnel Management, of counsel.

Before NIES and BISSELL, Circuit Judges, and BALDWIN, Senior Circuit Judge.

BISSELL, Circuit Judge.

Julius Sebock appeals the final decision of the Merit Systems Protection Board (Board), Docket No. SF831L87A0757, denying his request for attorney fees. We affirm.

## BACKGROUND

Sebock, a marine machinery mechanic at the Mare Island Naval Shipyard, suffered on-the-job back injuries in 1976 and 1984. He applied for and was denied disability retirement by the Office of Personnel Management (agency). On appeal, the Board reversed the agency's decision and ordered the agency to approve Sebock's disability retirement. *Sebock v. Office of Personnel Management,* Docket No. SF831L8710757, slip op. at 7 (MSPB Oct. 21, 1987).

Sebock then filed a motion for attorney fees pursuant to 5 U.S.C. § 7701(g)(1) (1982) for work performed in connection with his successful appeal to the Board. The Administrative Judge (AJ) denied Sebock's petition, concluding that Sebock had "failed to prove that fees are awardable in the interest of justice." *Sebock v. Office of*

*Personnel Management,* Docket No. SF831L8710757, slip op. at 4 (MSPB March 24, 1988). The Board denied Sebock's petition for review. *Sebock v. Office of Personnel Management,* 37 M.S.P.R. 416 (1988).

## ISSUE

Whether Sebock has established entitlement to attorney fees under 5 U.S.C. § 7701(g)(1).

## OPINION

To recover attorney fees under 5 U.S.C. § 7701(g)(1), a movant must show that he is the prevailing party and that the fees are warranted in the interest of justice. 5 U.S.C. § 7701(g)(1); *Sterner v. Department of the Army,* 711 F.2d 1563, 1565–66 (Fed.Cir.1983). Because there is no question that Sebock was the prevailing party on appeal, only the latter requirement is at issue.

In *Allen v. United States Postal Service,* 2 MSPB 582, 593, 2 M.S.P.R. 420, 434–35 (1980), the Board described several non-exclusive categories of cases in which the interest of justice might require an award of attorney fees. *See Sterner,* 711 F.2d at 1570 (*Allen* guidelines reasonable and firmly based in the statute and legislative history). The Board also instructed that the movant's petition for fees should "set forth all considerations relied upon to demonstrate that the statutory requirements for an award have been met, substantiated by affidavits or other documentary evidence wherever there is a question of fact to be resolved (other than those already litigated on the merits)." *Allen,* 2 MSPB at 594, 2 M.S.P.R. at 436. We agree with that standard of proof and hold that Sebock was unsuccessful in meeting that burden here.

Sebock's petition for attorney fees included a declaration by Sebock's attorney, a declaration by Sebock, declarations by various local attorneys suggesting a reasonable hourly rate for the area, Sebock's attorney's "latest fee awards," and the log entries showing time spent on Se-

bock's case. The declaration by Sebock's attorney explores the attorney's background, the attorney's method of recording time, the manner in which clients are handled and the burden of expenses incurred in the attorney's practice. That declaration also laments over the fact that a federal agency "has numerous personnel and resources available when preparing for a case," and "[w]in, loose, [sic] or draw the [a]gency's attorneys and personnel are paid." Although Sebock argues on appeal that because the agency knew or should have known that it would not prevail, Sebock did not present evidence or argument concerning the interest of justice issue anywhere in the 51–page petition. The entire petition, instead, was directed to justifying Sebock's attorney's hourly rate. This court will generally not consider arguments made for the first time on appeal. *Synan v. Merit Sys. Protection Bd.,* 765 F.2d 1099, 1101 (Fed.Cir.1985).

Sebock failed to raise with specificity the agency actions meeting the criteria of the *Allen* categories or to direct the Board's attention to any evidence supporting an award of attorney fees. The Board is not required to wade through the entire record to determine if the evidence demonstrates any basis for concluding that fees are warranted in the interest of justice. Accordingly, the Board's denial of attorney fees is

AFFIRMED.

BALDWIN, Senior Circuit Judge, concurring in the result.

I concur in the result reached by the majority, but I cannot join in the majority's sweeping statements concerning Sebock's failure to "raise with specificity the agency actions meeting the criteria of the *Allen* categories or to direct the Board's attention to any evidence supporting an award of attorney fees."

Sebock's ability to recover attorney fees required him to prove two things: 1) that he was the prevailing party; and 2) that an award of attorney fees was in the interest of justice. *Sterner v. Department of the Army,* 711 F.2d 1563, 1567 (Fed.Cir.1983).

The parties did not dispute that Sebock was the prevailing party. In order to show that an award of fees was in the interest of justice, Sebock needed to meet any one of the five criteria outlined in *Allen v. United States Postal Service,* 2 MSPB 582, 593, 2 M.S.P.R. 420, 434 (1980), which criteria were approved by this court in *Sterner.* As the majority notes, and the administrative judge stated, Sebock presented "no evidence or argument concerning the interest of justice issue." However, presenting no argument or additional evidence to satisfy the interest of justice standard should not, as the court today holds, be an absolute requirement for the recovery of attorney fees.

Section 7701(g) of Title 5 permits an award of attorney fees in "any case in which the agency's action was clearly without merit." 5 U.S.C. § 7701(g)(1). That section also provides that the fees may be awarded if the "Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice." *Id.* This statutory requirement is not predicated on the prevailing party's presentation of additional evidence or argument. Rather, the reviewing authority is obliged to consider the record before it, and determine whether an award of fees is in the interest of justice. It does not require any great stretch of the imagination to come up with a scenario where the agency's action is so clearly without merit that the prevailing party will be entitled to attorney fees based on a cursory review of the decisions and record available. I see no value in requiring the presentation of additional evidence or argument where a party determines that it is not necessary. Similarly, one can easily envision circumstances where a review of the record will reveal that the agency knew or should have known that it would not prevail.

At the same time, if a party decides to rest on the record in his request for attorney fees, additional arguments, such as those raised by Sebock here, should not be heard at the appellate level. *See Synan v. Merit Systems Protection Board,* 765 F.2d 1099 (Fed.Cir.1985). Clearly, if a party de-

cides to rely solely on the record below, it cannot be heard on new arguments when that reliance proves ill-advised.

Nor do I agree that the language in *Allen*, quoted by the majority, requires the test enunciated by the majority. The Board's instruction to litigants should not be read, or adopted, as a warning to litigants who fail to present additional argument or evidence that their fee petitions will automatically be denied. Instead, the Board's statement should be recognized for what is was, an instruction to litigants that any arguments or evidence beyond the record already developed which they desire the Board or the administrative judge to consider must be presented with the fee petition. The Board's parenthetical request that petitions not include evidence or affidavits concerning questions of fact already litigated indicates its intent to include in its determination the entire record already developed.

Of course, it is always beneficial for a litigant to provide the deciding body or official with a roadmap of the evidence and arguments upon which it relies for its assertions. However, I cannot agree with the majority's conclusion that without such a roadmap the Board will wade aimlessly through the record, unable to conclude whether or not an award of attorney fees is in the interest of justice.

The administrative judge apparently recognized her responsibility to consider the record presented. She stated clearly that Sebock had presented no evidence or argument on the interest of justice issue, yet she reviewed the record thoroughly and determined that the agency's position was not clearly without merit and that Sebock failed to prove that the agency knew or should have known that it would not prevail.

By its action today the majority suggests that those portions of the administrative judge's decisions are dicta. In reality, those portions constitute the administrative judge's fulfillment of her statutory requirement to make the necessary determinations before denying Sebock's fee request. Although I agree that Sebock's reliance on

the record to establish that an award of attorney fees is in the interest of justice was unavailing here, I cannot join the majority's decision to establish a bright-line test to cover cases not presented, and to deprive litigants of their right to receive attorney fees where the record alone amply supports such an award.