954 F.2d 735
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carl B. McGUFFIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3305.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1992.
 
 Before ARCHER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Carl B. McGuffin appeals the April 11, 1991 decision of the Merit Systems Protection Board (MSPB or board), Docket No. SF083M86A0560, which denied his request for costs and attorney's fees incurred in obtaining a waiver of repayment of an overpayment of his civil service annuity. We affirm.
 
 OPINION
 
 2
 To obtain attorney's fees pursuant to 5 U.S.C. § 7701(g)(1), the petitioner must show that (1) the petitioner was the prevailing party, and (2) the award is warranted in the interest of justice. Sterner v. Department of Army, 711 F.2d 1563, 1565-66 (Fed.Cir.1983). Both parties agree that petitioner was the prevailing party.
 
 
 3
 In Allen v. United States Postal Serv., 2 MSPB 582, 592-93 (1990), the board established guidelines for determining whether attorney's fees were "warranted in the interest of justice." This court has held that these guidelines are acceptable. Sterner, 711 F.2d at 1571. In this case, attorney's fees were denied on two of the guidelines established in Allen: (1) whether the agency knew, or should have known, that it would not prevail when it took the action under appeal; and (2) whether the agency's action was clearly without merit. See Allen, 2 MSPB at 592-93; Sterner, 711 F.2d at 1569. The board has considerable discretion in determining whether an award of attorney's fees is warranted in the interest of justice. Sterner, 711 F.2d at 1571. The decision to deny attorney's fees because these two Allen criteria were not established was well within the board's considerable discretion.
 
 
 4
 Accordingly, under our standard of review we are not persuaded that the board's decision is (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without a procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).