47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joe R. BERLIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3399.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before RICH, PLAGER, and LOURIE, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Joe R. Berlin (petitioner) seeks review of the January 13, 1994 Initial Decision of the Merit Systems Protection Board's (Board) Administrative Judge (AJ), Docket No. DA-831E-93-0393-A-1, affirming the Office of Personnel Management's (OPM) denial of his motion for attorney fees under the Civil Service Reform Act (CSRA). The AJ's decision became the final decision of the Board on May 12, 1994. We affirm.
 
 DISCUSSION
 
 2
 On October 1, 1993, the final decision of the Board issued, reversing OPM's denial of petitioner's application for disability retirement. Shortly thereafter petitioner applied for attorney fees. The Board denied the attorney fee application based on its conclusion that such an award was not warranted in the interest of justice. 5 U.S.C. Sec. 7701(g)(1). The other statutory requirements, whether petitioner was the prevailing party, whether petitioner incurred attorney fees, and whether the fees were reasonable, are not at issue in this appeal.
 
 
 3
 The Board stated that an award of attorney fees in a disability retirement case is warranted in the interest of justice "if OPM's reconsideration decision is clearly without merit or if OPM knew or should have known that it would not prevail on the merits."
 
 
 4
 Under the "knew or should have known standard," the Board indicated that it would reevaluate the record before OPM at the time it issued the reconsideration decision and if it was found that OPM was negligent in processing petitioner's case, or if OPM lacked a reasonable and supportable explanation for its position, then petitioner would prevail on his attorney fee application. The Board concluded, however, that its reversal of the reconsideration decision was based "in significant part" on documents that were not before the Board when it issued its reconsideration decision. As a result, the Board found that OPM was neither negligent nor lacked reasonable and supportable explanation for its position and thus it was not established that OPM knew or should have known that it would not prevail.
 
 
 5
 Under the "clearly without merit" standard, the Board considered three factors: (1) whether the appellant was misled by OPM or whether OPM failed to put him on notice of the kind of evidence needed to prevail on reconsideration; (2) the extent to which reversal was based on evidence not presented by the appellant but readily available to OPM; and (3) the extent to which appellant produced evidence that was so compelling that reasonable minds could not differ as to his eligibility for a disability annuity and OPM's continued refusal to approve the annuity prolonged the proceedings.
 
 
 6
 The Board found that petitioner was not misled by OPM, that he had been provided an opportunity to present the type of evidence ultimately relied on when the reconsideration decision was reversed, but failed to do so, and that the "medical evidence submitted by the appellant was not so compelling that reasonable minds could not differ as to his eligibility for a disability annuity." The Board also opined that there was no evidence that OPM's continued refusal prolonged the adjudication. Therefore, according to the Board, OPM's decision denying the disability annuity was not clearly without merit.
 
 
 7
 Petitioner's principal argument on appeal is that the additional evidence relied on by the Board when it reversed OPM was cumulative of the evidence relied on, and found not to be persuasive, by OPM. As the evidence was cumulative, petitioner asserts that OPM's denial was both clearly without merit and made with the knowledge that it would not prevail on the merits. Accordingly, petitioner contends that an award of attorney fees to him is in the interest of justice.
 
 
 8
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 9
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 10
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 11
 (3) unsupported by substantial evidence.
 
 
 12
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 13
 Moreover, we note that the Board is given great discretion under section 7701(g)(1) in awarding attorney's fees and consequently this court will accord the Board's determination great deference. Sterner v. Department of Army, 711 F.2d 1563, 1568 (Fed. Cir. 1983).
 
 
 14
 From our review of the record, we agree with the Board that the information submitted to the Board after issuance of the reconsideration decision was not cumulative of the evidence already of record. That evidence formed the basis of the Board's reversal of the reconsideration decision. We conclude that OPM's denial of the disability retirement annuity was neither clearly without merit nor made with the knowledge that it would not prevail on the merits. The Board's denial of attorney fees to petitioner as not being in the interest of justice was not arbitrary, an abuse of discretion, or otherwise not in accordance with law and must be affirmed.