95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael G. BARRETT and Jerome K. Roberts, Petitioners,
v.
DEPARTMENT OF THE INTERIOR Respondent.
 No. 95-3593.
 United States Court of Appeals, Federal Circuit.
 Aug. 22, 1996.
Rehearing Denied Oct. 22, 1996.
 
 Before RICH, LOURIE, and RADER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Petitioners Michael Barrett and Jerome Roberts (collectively Petitioners) appeal from the initial decision of the Merit Systems Protection Board (Board), No. DE0752900226-A-1, -00227-A-1, -00228-A-1 (April 6, 1995), denying Petitioners' motion for attorney fees against the Department of the Interior (DOI). The Board's initial decision became final on May 11, 1995. We affirm.
 
 DISCUSSION
 
 2
 Petitioners are former employees of the DOI Bureau of Indian Affairs (BIA) at the Soil Laboratory in Gallup, New Mexico, where both were employed as soil scientists. In 1989, the BIA alleged that the Petitioners left the Soil Laboratory on June 9, 1988, to assist their supervisor, Thomas J. Wiggins, in the construction of a fishpond at Wiggins' home. According to the BIA, Petitioners failed to report their absence from work as leave and, in fact, asserted that they had been present at the laboratory.
 
 
 3
 Petitioners were charged with (1) misrepresentation or concealment of a material fact in connection with an investigation; (2) failure to report an act of fraud, waste, and abuse; and (3) making a false claim on a time and attendance report. The BIA suspended the Petitioners for 30 days and demoted them two grades. The Petitioners denied any misconduct, and sought review by the Merit Systems Protection Board (Board).
 
 
 4
 In its initial decision, the Board sustained the findings of misconduct and the penalties imposed. However, pursuant to two subsequently filed petitions for review by the Petitioners, the Board remanded the case for further consideration. The initial decisions were sustained on remand. Upon a third petition for review of the second remand decision, the full Board, on November 9, 1994, found that only the charge of making a false claim on a time and attendance report should be sustained. Based upon its findings, the Board mitigated the penalty imposed upon the Petitioners to a letter of reprimand and ordered the BIA to make restitution of back pay, interest, and benefits.
 
 
 5
 Following the issuance of the Board's November 9, 1994 Opinion and Order, petitioners filed their motion for attorney fees, which the Board denied on April 6, 1995. Petitioners now seek review of the Board's denial.
 
 
 6
 We review the Board's decision under a narrow standard. We must affirm its decision unless it is shown to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Furthermore, this court will accord "great deference" to a board's determination with respect to attorney fees. Sterner v. Department of the Army, 711 F.2d 1563, 1568 (Fed.Cir.1983).
 
 
 7
 To recover attorney fees under 5 U.S.C. § 7701(g), a movant must prove that he is (1) the prevailing party on the merits of the case; and (2) that award of fees is "warranted in the interest of justice." Sterner, 711 F.2d at 1565-66; Sebock v. Office of Personnel Management, 874 F.2d 801, 802 (Fed.Cir.1989). As Respondents do not contest that Petitioners prevailed on the merits, the only issue before us is the latter requirement.
 
 
 8
 In Allen v. United States Postal Service, 2 MSPB 582, 593 (1980), the board set forth five categories in which an award of attorney fees may be "warranted in the interest of justice." These categories include:
 
 
 9
 1. Where the agency engaged in a "prohibited personnel practice"; (§ 7701(g)(1))
 
 
 10
 2. Where the agency's action was "clearly without merit" (§ 7701(g)(1)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency;
 
 
 11
 3. Where the agency initiated the action against the employee in "bad faith," including:
 
 
 12
 a. Where the agency's action was brought to "harass" the employee;
 
 
 13
 b. Where the agency's action was brought to "exert improper pressure on the employee to act in a certain way";
 
 
 14
 4. Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee;
 
 
 15
 5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.
 
 
 16
 Allen, at 593; Yorkshire v. Merit Systems Protection Board, 746 F.2d 1454, 1456 (Fed.Cir.1984).
 
 
 17
 Petitioners focus on category 5 and the "economic hardship" that the Petitioners may suffer. We will address the alleged "economic hardship" first.
 
 
 18
 A. "Economic Hardship"
 
 
 19
 Petitioners argue that the Board "erred in not specifically addressing the extraordinary economic hardship" that will be visited upon them if they are required to pay attorney fees. Relying on Sterner, supra, Petitioners assert that " 'because the legislative history of Section 7701(g)(1) has a general goal of removing impediments to the litigation of meritorious claim(s),' the Board should consider extraordinary economic hardship in appropriate cases." (emphasis added). Petitioners overstate the holding in Sterner in that the consideration of economic hardship is not mandatory. We stated in Sterner that given the "general goal of removing impediments" to meritorious claims, "the board may well wish to consider extraordinary economic hardship in appropriate cases." Sterner, 711 F.2d at 1570 (emphasis added). Furthermore, economic hardship is not "a principal determinant of the interest of justice." Id. Therefore, the board was under no legal obligation to consider the alleged economic hardship of the petitioners.
 
 
 20
 B. The BIA "Knew or Should Have Known That It Would Not Prevail on the Merits"
 
 
 21
 Petitioners assert that the BIA "knew or should have known that it would not prevail on the merits at the Board level," and therefore, "it is in the 'interest of justice' that attorney fees be paid by the agency." The crux of petitioners' argument is that the BIA knew or should have known that the penalty it imposed was unreasonable, and the "[s]election of a particular penalty is part of the merits of the agency's case." Therefore, according to the Petitioners, where the Board sustains charges against an appellant, but mitigates the penalty, it follows that the agency acted unreasonably in selecting the penalty imposed.
 
 
 22
 However, Petitioners' argument is unpersuasive in that at the time the penalty was imposed, the BIA had no reason to believe that the penalty would be mitigated by the Board. In its final decision on the merits, the Board held that two of the charges against the Petitioners were improper because, under Walsh v. Department of Veterans Affairs, 62 M.S.P.R. 586 (1994), an agency may not separately charge an employee with misconduct and with making false statements pertaining to the alleged misconduct. Of particular importance is that Walsh was decided not only after the BIA initially took action against the Petitioners, but after the Board had initially sustained all of the charges against them. As the Board stated:
 
 
 23
 I note ... that the Board's decision in Walsh, was issued some four years after the agency had initiated the demotion actions against these two appellants. At the time the agency took the adverse action, the Board allowed the very type of charges it later found improper in Walsh. [footnote omitted]. Simply stated, Walsh reversed several years of precedent on which the agency properly relied at the time it initiated its actions against Barrett and Roberts.
 
 
 24
 Moreover, where, as here, an agency's choice of penalty is based on multiple charges, and a subsequent decision to mitigate the penalty is based in part on the fact that not all the charges were sustained, it cannot be said that the agency should have known that its original penalty selection was not reasonable.... That is, the agency could not have known, at the time it took the instant demotions actions, that some four years later the Board would issue a decision requiring the reversal of some of the charges it had lodged against the [Petitioners].
 
 
 25
 As such, we are not inclined to hold that the BIA knew or should have known that it would not prevail on the merits.
 
 
 26
 For the foregoing reasons, the Board's decision denying the award of attorney fees is affirmed.
 
 
 27
 RADER, Circuit Judge, dissenting.