**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 56**

Docket No. AT-0752-13-0418-A-1

**Samuel Montalvo, Jr.,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

October 7, 2015

Kevin C. Crayon, II, Kennesaw, Georgia, for the appellant.

Daniel E. Ellenbogen, Esquire, Arlington, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The agency has filed a petition for review of the addendum initial decision, which awarded the appellant $9,500 in attorney fees incurred in connection with the compliance proceedings in this appeal.  For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2      In April 2014, the appellant filed a petition for enforcement, claiming that the agency materially breached the terms of the settlement agreement that resolved his removal appeal.  *Montalvo v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0418-C-1, Compliance Initial Decision (CID) (May 19, 2014).

Specifically, he alleged that the agency failed to meet its obligations under section 1(g) of the agreement, which provided that the appellant could request that the agency issue retired law enforcement credentials, pursuant to 18 U.S.C. § 926C(c)(1)-(5), upon his submission of documentation sufficient to establish that he was eligible to receive them. CID at 3. The appellant contended that the agency breached section 1(g) when it denied his request for retired law enforcement credentials based on the statement of a physician retained by the agency, Dr. C.H., who opined that the appellant should not be granted a law enforcement credential for mental health reasons. *See id.* The appellant argued that Dr. C.H. was, by his own admission, not qualified to make that determination, and had recommended that the agency obtain the opinion of a well-credentialed forensic psychologist, which the agency failed to do. *See* CID at 3, 6.

¶3   In the compliance initial decision, the administrative judge found that the agency had an implicit obligation to process the appellant's request for retired law enforcement credentials in good faith. CID at 4-5. He noted that the pertinent statute, 18 U.S.C. § 926C(c)(5)(A), provides that retired law enforcement credentials may not be granted to an individual who has "been officially found by a qualified medical professional employed by the agency to be unqualified for reasons relating to mental health[.]" The administrative judge reasoned that, for these purposes, the term "qualified medical professional" means a medical professional who is qualified to determine whether an individual's mental health would render him or her unqualified to carry a concealed firearm. CID at 5-6. In the absence of any evidence that Dr. C.H. had sufficient expertise and training to make that determination, the administrative judge concluded that the agency's decision to deny the appellant's request was not based on an official finding by a "qualified medical professional," and that the agency therefore had breached its duty to perform its contractual obligations in good faith. CID at 6-7. Thus, he found the agency in

noncompliance and ordered the agency to employ a qualified medical professional to render an official finding as to whether the appellant was unqualified for reasons relating to mental health. CID at 8.

¶4    The agency did not timely file either evidence of compliance or a petition for review, as required under 5 C.F.R. § 1201.183(a)(6). Accordingly, pursuant to 5 C.F.R. § 1201.183(b), the administrative judge's finding of noncompliance became final, and the matter was referred to the Board for processing under the enforcement provisions of 5 C.F.R. § 1201.183(c). *See Montalvo v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0418-X-1, Final Order (Sept. 11, 2014). Subsequently, the agency submitted evidence that it had obtained an assessment of the appellant's mental status from Dr. N.H., the forensic psychologist whom Dr. C.H. had recommended. *Id.*, ¶ 5. In his assessment, Dr. N.H. determined that the appellant was not mentally qualified to carry a firearm, and therefore was ineligible for law enforcement retirement credentials. *Id.*, ¶ 6. The Board dismissed the petition for enforcement, finding that the agency had complied with the administrative judge's order and thereby cured its breach of the agreement. *Id.*, ¶¶ 9-10.

¶5    The appellant then filed a request for attorney fees incurred in connection with the compliance proceedings. Attorney Fees File (AFF), Tab 1. He later amended his request to include additional fees incurred in connection with the attorney fees petition itself. AFF, Tab 5. Based on the parties' written submissions, the administrative judge found that the appellant was entitled to an award of $9,500 out of the $10,500 requested. AFF, Tab 10, Attorney Fees Initial Decision (AFID).

¶6    On petition for review, the agency contends that the appellant was not the prevailing party, that an award of attorney fees is not warranted in the interest of justice, and that the award was unreasonable. Petition for Review (PFR) File,

Tab 1.[1]  The appellant has responded, and the agency has filed a reply to his response.  PFR File, Tabs 3-4.

## ANALYSIS

¶7        In a motion for attorney fees arising out of a petition for enforcement, the appellant bears the burden of showing that:  (1) an attorney-client relationship existed and fees were incurred; (2) he is the prevailing party; (3) an award of fees is warranted in the interest of justice; and (4) the fees are reasonable.  *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010).  As to the first requirement, the appellant provided declarations by himself and his attorney establishing the existence of a previous and ongoing attorney-client relationship.  AFF, Tab 8 at 4-9.  The record also establishes that fees were incurred in connection with the compliance proceedings and attorney fees motion.  *Id.* at 10-12.  Contrary to the agency's assertions below, the record reflects that the attorney-client relationship was already in existence by February 19, 2014, the earliest date for which fees were requested.  *See* AFF, Tab 1 at 12-13, Tab 8 at 4-9.

¶8        Regarding prevailing party status, the agency cites *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), for the proposition that an appellant may be deemed a prevailing party only if he obtains an "enforceable order" resulting in a "material alteration of the legal relationship of the parties."  PFR File, Tab 1 at 9-10.  While this standard applies to attorney fees requests based on the merits phase of a case, we have held that it does not apply to attorney fees requests based on compliance proceedings.  *See generally Mynard v. Office of Personnel*

---

[1] The agency does not contest the administrative judge's findings that the fee request was timely filed and that a fee award is not precluded by the settlement agreement.  *See* AFID at 2, 4 n.1.

*Management*, [108 M.S.P.R. 58](#) (2008). Rather, the Board's oversight provides the petition for enforcement process with sufficient Board imprimatur to allow an appellant to qualify as a prevailing party even in the absence of a Board order finding the agency in noncompliance or an agreement settling compliance matters. *Id.*, ¶ 17.

¶9　　　In any event, the appellant in this case *did* obtain an order finding the agency in noncompliance, which became final when the agency failed to submit evidence of compliance or a petition for review by the finality date of the initial decision. *See* [5 C.F.R. § 1201.183](#)(b). The Board did not reverse that finding in its final decision, but rather found that the agency had since cured its breach by complying with the administrative judge's order. While the appellant failed to persuade the Board that the agency still was in noncompliance, his lack of success in that regard does not alter his prevailing party status. *See Driscoll v. U.S. Postal Service*, [116 M.S.P.R. 662](#), ¶ 9 (2011) ("[T]he Board does not determine prevailing party status on a line-item basis.").

¶10　　　The agency also cites *Ray v. Department of Health & Human Services*, [64 M.S.P.R. 100](#) (1994), for the proposition that an administrative judge's initial finding of noncompliance does not render the appellant a prevailing party if the full Board ultimately finds the agency in compliance. PFR File, Tab 1 at 11. The agency's reliance on *Ray* is misplaced. In *Ray*, the appellant filed a petition for enforcement in which she claimed that the agency had failed to restore her to the status quo ante pursuant to the final order that reversed her involuntary retirement. *Ray*, 64 M.S.P.R. at 102. The administrative judge found the agency in noncompliance because it had placed her in a position that was not substantially equivalent to her former position, which had been abolished. *Id.* The matter was referred to the Board, and the agency timely filed evidence that it had reestablished the appellant's former position and was returning her to that job. *Id.* Shortly thereafter, the parties reached a settlement agreement in which the appellant accepted her placement in the position to which she had been placed

prior to her petition for enforcement. *Id.* at 103. As a result, the Board dismissed the appeal as settled without deciding the issue of compliance. *Id.* Under these unusual circumstances, we held that the appellant was not a prevailing party because the Board did not address the administrative judge's initial finding of noncompliance, and its final order provided no benefit whatsoever to the appellant. *Id.* at 105.

¶11 Here, by contrast, the Board adopted the administrative judge's finding of noncompliance, and found that the agency cured its breach through its subsequent actions, which provided the appellant with the benefit of the bargain he had previously been denied, i.e., a good faith decision on his request for retired law enforcement credentials.[2] As we acknowledged in *Ray*, the agency's eventual compliance is sufficient to render the appellant a prevailing party. *See id.* ("If the Board had issued a decision . . . finding that the agency's post-recommended decision actions put it in compliance . . . the appellant would have been a prevailing party."). This is all the more clear where, as here, the agency's eventual compliance was causally related to the petition for enforcement. *See Shelton*, 115 M.S.P.R. 177, ¶ 10 (noting that one way an appellant may prove he was the prevailing party concerning a petition for enforcement is by establishing that the agency's eventual compliance was causally related to the petition for enforcement).

¶12 As to the interest of justice, the Board generally will find that an attorney fee award is warranted in the interest of justice when: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit

---

[2] The agency argues that this was not a material benefit because the appellant's request for retired law enforcement credentials was ultimately not granted. PFR File, Tab 1 at 12. However, it already has been established in the underlying compliance proceedings that section 1(g), which implicitly required the agency to process the appellant's request in good faith, was a material term of the settlement agreement. CID at 7. The agency could have contested that finding by filing a petition for review of the compliance initial decision, but it declined that opportunity.

or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). Here, the third *Allen* prong applies, because our finding of noncompliance was explicitly based on a finding that the agency failed to comply with the settlement agreement in good faith.[3] It is true that the *Allen* guidelines are not exhaustive, and the agency correctly observes that a fee award may not be warranted in the interest of justice where the relief obtained is de minimis. *See Sterner v. Department of the Army*, 711 F.2d 1563, 1567-68 (Fed. Cir. 1983). In this case, however, the appellant received substantial relief, i.e., the agency's compliance with section 1(g), a material term of the settlement agreement. We therefore discern no error in the administrative judge's finding that a fee award is warranted in the interest of justice.

¶13      The remaining issue is the reasonableness of the fees. The computation of a reasonable attorney fee award begins with an analysis of two objective variables: the lawyer's customary billing rate and the number of hours reasonably devoted to the case. *Mitchell v. Department of Health & Human Services*, 19 M.S.P.R. 206, 208 (1984). As to the customary billing rate, the record includes declarations submitted by the appellant and his attorney indicating that they agreed that the attorney would represent the appellant in the compliance matter at a rate of $250 per hour. AFF, Tab 8 at 4-9. In addition, the attorney submitted a

---

[3] Contrary to the agency's assertions, the appellant did argue below that a fee award was warranted on this basis. *See* AFF, Tab 1 at 6. In any event, where the basis for granting the fee motion is readily apparent without extensive review of the record, the Board may find that a fee award is warranted in the interest of justice even if the appellant does not identify a specific basis for that finding. *See Babakitis v. Office of Personnel Management*, 60 M.S.P.R. 35, 36-37 (1993) (finding a fee award warranted under the second *Allen* category even though the appellant did not expressly address the interest of justice issue in his attorney fees petition).

declaration in which he asserted that his hourly rate was consistent with the billing rate charged for his services as an associate representing Federal employees at an Atlanta-based law firm at which he was previously employed. AFF, Tab 1 at 8-10. Contrary to the agency's assertions below, this evidence is sufficient to establish that the hourly rate of $250 was reasonable. *See Willis v. U.S. Postal Service*, 245 F.3d 1333, 1339-42 (Fed. Cir. 2001) (holding that if an attorney fees applicant submits evidence concerning local billing rates, such as his fee agreement with his attorney specifying the requested rates or an affidavit from his attorney concerning his rates, he has satisfied his burden regarding the reasonableness of the charged rate and there is no requirement that he also submit an affidavit from a local attorney concerning those rates, or otherwise show first-hand knowledge of the prevailing local rates).

¶14 As to the hours reasonably devoted to the case, the party seeking fees must submit evidence supporting the hours worked and exclude hours that are excessive, redundant, or otherwise unnecessary. *Driscoll*, 116 M.S.P.R. 662, ¶ 11. The administrative judge need not automatically accept all of the hours claimed, but may disallow hours for duplication, padding, or frivolous claims, and may impose fair standards of efficiency and economy of time. *Id*. If, however, the administrative judge decides not to award fees that are adequately documented by attorneys, he must identify those hours and articulate the reasons for their elimination. *Id*.

¶15 In this case, the appellant's attorney billed the appellant using a flat fee arrangement in which he would estimate the number of hours it would take to complete various discrete tasks, multiply the estimated number of hours by $250, and charge the appellant that amount, discounting any additional hours spent. AFF, Tab 8 at 4-5, 8. According to the time entries, the attorney performed a total of 55.6 hours of work on the itemized tasks, but reduced the bill to $10,500 so that the appellant paid for no more than the 42 hours previously agreed to under the flat fee arrangement. *Id*. at 10-12. Concerning certain tasks, however,

the amount charged under the flat fee arrangement was greater than what would have been charged based on the hours actually worked times the hourly rate. For example, the attorney charged a flat fee of $1,750 (7 hours x $250/hour) for reviewing the agency's reply and preparing and submitting the appellant's sur reply, but performed only 5.3 hours of work associated with these tasks. *Compare* AFF, Tab 5 at 23, *with* AFF, Tab 8 at 11.

¶16    Where it is agreed that a specific fee be paid to an attorney for legal services rendered on behalf of an appellant, the Board presumes that the amount agreed upon represents the maximum reasonable fee which may be awarded. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 7 (2015); *Krape v. Department of Defense*, 97 M.S.P.R. 430, ¶ 12 (2004).[4] By the same token, the Board will not award a windfall beyond the "lodestar" amount, i.e., the number of hours of work performed multiplied by the attorney's hourly rate, even if the appellant was charged a greater amount under an alternative fee arrangement. *Brown v. Department of Health & Human Services*, 50 M.S.P.R. 523, 528 (1991). Consistent with these principles, the administrative judge limited the award for each task to the lesser of: (1) the amount actually charged, or (2) the number of hours reasonably devoted to the task multiplied by the $250 hourly rate. AFID at 7. Using this method, the administrative judge arrived at a final tally of $9,500, and we discern no error in his calculation.

¶17    Finally, we have considered the agency's argument that the award should be reduced to reflect the appellant's degree of success. In some cases, it may be appropriate to reduce the lodestar to reflect a party's failure to obtain all the

[4] The presumption is rebuttable by convincing evidence that the agreed-upon rate was not based on marketplace considerations and that the attorney's rate for similar work was customarily higher, or by showing that he had agreed to such a rate only because of the employee's reduced ability to pay and that his customary fee for similar work was significantly higher. *Caros*, 122 M.S.P.R. 231, ¶ 7; *Krape*, 97 M.S.P.R. 430, ¶ 12. This case does not involve either scenario.

relief he requested.  *See Driscoll*, [116 M.S.P.R. 662](#), ¶ 10.  This is not such a case, however.  Regarding the petition for enforcement, the appellant obtained the agency's compliance with section 1(g) of the settlement agreement, which is all the relief he requested and all the Board could have ordered.  The appellant also has obtained substantial success as to his attorney fees petition.  *See id.*, ¶ 30 (awarding the appellant the full lodestar amount concerning her attorney fees petition, which resulted in an award of $54,890.63 out of $92,948.05 requested in connection with the underlying appeal).  Accordingly, no further reduction is warranted, and we affirm the award of $9,500.

## ORDER

¶18      We ORDER the agency to pay the attorney of record $9,500.00 in fees.  The agency must complete this action no later than 20 days after the date of this decision.  *See* generally title 5 of the United States Code, section 1204(a)(2) ([5 U.S.C. § 1204](#)(a)(2)).

¶19      We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order.  The appellant and the attorney, if not notified, should ask the agency about its progress.  *See* [5 C.F.R. § 1201.181](#)(b).

¶20      No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  *See* [5 C.F.R. § 1201.182](#)(a).

¶21     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.