835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patrick J. HEALY, Petitioner,
v.
DEPARTMENT OF NAVY, Respondent.
 No. 87-3446.
 United States Court of Appeals, Federal Circuit.
 Nov. 6, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SF075281A1910, denying petitioner's motion for attorney fees, is affirmed.
 
 OPINION
 
 2
 Assuming, without deciding, that Mr. Healy was the "prevailing party" when the board ordered the Navy to cancel Mr. Healy's demotion and to substitute a penalty of 60-day suspension, Mr. Healy has failed to show error in the administrative judge's conclusion that payment of Mr. Healy's attorney fees was not "warranted in the interest of justice." 5 U.S.C. Sec. 7701(g)(1) (1982); Sterner v. Department of the Army, 711 F.2d 1563, 1569-70 (Fed.Cir.1983); see Allen v. United States Postal Service, 2 MSPB 582, 593 (1980).
 
 
 3
 Mr. Healy fails to quarrel with the administrative judge's finding that the agency's error amounted to no more than simple "harmful procedural error" and that Mr. Healy was not substantially innocent of the charges underlying the demotion action. That the agency's choice of penalty was altered on review does not by itself establish gross procedural error or agency knowledge that it would not prevail on the merits. See Sims v. Department of Navy, 711 F.2d 1578, 1581-82 (Fed.Cir.1983); Lampack v. United States Postal Service, 29 M.S.P.R. 654, 658 (1986).
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).