NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THASHA A. BOYD,**
*Petitioner,*

**v.**

**DEPARTMENT OF LABOR,**
*Respondent.*

---

2012-3021

---

Petition for review of the Merit Systems Protection Board in consolidated Case Nos. AT0752100687-P-1 and AT0752100687-I-1.

---

Decided: April 9, 2012

---

THASHA A. BOYD, of Kennesaw, Georgia, pro se.

CARRIE A. DUNSMORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before RADER, *Chief Judge*, PLAGER and LOURIE, *Circuit Judges*.

PER CURIAM.

Thasha A. Boyd appeals from the final decision of the Merit Systems Protection Board ("the Board") reversing the Department of Labor's ("DOL") action demoting Boyd from GS-12 to a GS-11 and denying her request for attorney's fees. *Boyd v. Dep't of Labor*, Nos. AT-0752-10-0687-I-1 and AT-0752-10-0687-P-I (M.S.P.B. Mar. Sept. 1, 2011). Because the Board correctly reversed the demotion and denied the request for attorney's fees, we affirm.

## BACKGROUND

Boyd was employed as an Immigration Services Officer (GS-11) working for the U.S. Citizenship and Immigration Service. She was then promoted to Immigration Program Analyst (GS-12) at the DOL. Shortly thereafter, the DOL determined that she lacked the requisite one year of specialized experience to qualify for the position, demoting her to Workforce Development Specialist (GS-11). Boyd appealed to the Board.

The administrative judge ("AJ") reversed the DOL's action, finding that DOL had violated Boyd's due process rights by failing to provide her with prior notice of the demotion and an opportunity to respond, which she was entitled to because she had already begun performing her duties as an Immigration Program Analyst. The AJ ordered the agency to restore Boyd to her previous position, provide back pay with interest, and adjust Boyd's benefits.

Boyd subsequently filed a motion with the Board for compensatory damages. The AJ issued an acknowledgement order, describing the Board's jurisdictional limits to award compensatory damages and ordering Boyd to

address the Board's authority to award the requested relief. Boyd then withdrew her motion and submitted a motion for attorney's fees. The AJ denied Boyd's motion for compensatory damages because it lacked authority to award such relief without a showing of intentional employment discrimination, which was not claimed by Boyd, and did not address the motion for attorney's fees.

Boyd appealed the decisions to the full board as well as a denial of her request for additional discovery. With regard to the demotion, Boyd argued that the AJ failed to consider the merits of her allegations that the agency had committed a prohibited personnel practice, falsified documents, and took an action not in accordance with law.

The Board affirmed the initial decision regarding her demotion. It rejected Boyd's argument that the AJ should have addressed the merits of her claim because no new, previously unavailable, evidence was presented and because the AJ made no error in law or regulation. The Board held that the denial of Boyd's discovery requests was harmless because the Board ruled in Boyd's favor. The Board also held that the AJ should have dismissed the compensatory damages appeal as withdrawn because Boyd had clearly and unequivocally withdrawn that request in lieu of seeking attorney's fees. The Board vacated the initial decision and dismissed the compensatory damages appeal as withdrawn, with prejudice to refiling. The Board then analyzed Boyd's motion for attorney's fees, finding that because Boyd was pro se throughout the appeal and because the evidence presented did not show an attorney-client relationship, she was not entitled to attorney's fees. This appeal followed.

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision

only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Boyd argues that the Board failed to address her allegation that the agency committed prohibited personnel practices—the merits of her claims—and the denial of her requests for additional discovery. She also argues that the Board improperly denied her motion for consulting attorney's fees, which she argues were supported by her credit card statements.

The government argues that Boyd no longer has a case or controversy because she prevailed in her case, receiving all the relief to which she was entitled. In addition, the government argues that because the AJ decided the case on due process grounds, he did not have to reach the merits. The government also posits that the failure of the Board to permit additional discovery was at most harmless error in light of the fact that Boyd prevailed. Finally, the government argues that Boyd, who was undisputedly pro se, did not adequately provide evidence of an attorney-client relationship to support an award of attorney's fees.

We agree with the government that Boyd lacks standing to appeal the final decision reinstating her position with back pay and benefits. Our judicial power of review created under Article III § 2 of the Constitution extends only to actual "cases" or "controversies." To establish standing to sue, Article III § 2 requires that a party must, "at an irreducible minimum," show: (1) "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct"; (2) that "the

injury fairly can be traced to the challenged action"; and (3) that the injury "is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted). Boyd has not shown that she has been adversely affected or aggrieved by the Board's decision. Indeed, she received the relief she requested, reinstatement, back pay, and benefits.

Furthermore, because the demotion case was decided on due process grounds, the AJ properly did not reach the merits. As we held in *Stone v. FDIC*.:

> [W]here a serious procedural curtailment mars an adverse personnel action which deprives the employee of pay, the court has regularly taken the position that the defect divests the removal (or demotion) of legality, leaving the employee on the rolls of the employing agency and entitled to his pay until proper procedural steps are taken toward removing or disciplining him. In that situation, the merits of the adverse action are wholly disregarded.

*Stone v. FDIC*, 179 F.3d 1368, 1377 (Fed. Cir. 1999) (quoting *Ryder v. United States*, 585 F.2d 482, 487–88 (Ct. Cl. 1978)). That procedural defect has "divest[ed] the [demotion] of legality" in this case, in effect leaving Boyd "on the rolls of the employing agency and entitled to [her] pay," subject to further action involving proper procedural steps. *Id.* At this point, Boyd is entitled to a new, constitutionally correct, demotion procedure if the agency chooses to take such action. As she is currently in her position and has not been demoted, she no longer has standing before the Board. Similarly, the failure of the

Board to let her take additional discovery is, likewise, harmless error because she prevailed in her case.

As for Boyd's appeal regarding attorney's fees, the Board may, in its discretion, order the payment of attorney fees to an appellant if the appellant is a "prevailing party" and the Board "determines that payment by the agency is warranted in the interest of justice." 5 U.S.C. § 7701(g)(1); *Sterner v. Dep't of Army*, 711 F.2d 1563, 1566 (Fed. Cir. 1983). The court in *Sterner* additionally indicated, however, that "[o]ther factors, like existence of an attorney-client relationship . . . are of course also necessary ingredients" for an award of attorney fees. *Id.* In the case of a pro se litigant, an appellant may not recover fees under section 7701(g)(1) for work performed by a nonattorney, including herself. Here, it is undisputed that Boyd proceeded pro se. Boyd submitted a chart of expenses and corresponding credit card charges in support of her motion for attorney's fees. However, none of that evidence supports a conclusion that an attorney-client relationship was formed or that the charges were related to this case. *Murdrich v. Dep't of Agric.*, 92 M.S.P.R. 413, 418 (2002); *Johnson v. Dep't. of Interior*, 24 M.S.P.R. 209, 211–12 (1984). Thus the Board's determination that Boyd had not established an attorney-client relationship was supported by substantial evidence.

We have considered Boyd's remaining arguments and do not find them persuasive. We therefore conclude that the Board did not err in reversing the demotion and denying attorney's fees. Accordingly, we affirm.

**AFFIRMED**