UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
**2015 MSPB 57**

Docket No. DC-0752-09-0881-A-1

**John Doe,**

**Appellant,**

**v.**

**Pension Benefit Guaranty Corporation,**

**Agency.**

October 7, 2015

Cori C. Cohen, Esquire, and Stephanie M. Herrera, Esquire, Silver Spring,
 Maryland, for the appellant.

Charles B. Barksdale, Esquire, Paul Chalmers, Esquire, and Shuchi Batra,
 Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied her motion for an award of attorney fees incurred in connection with a petition for enforcement.  For the reasons set forth below, we DENY the petition for review and AFFIRM the addendum initial decision.

BACKGROUND

¶2      In *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579 (2012), the Board joined two separate adverse action appeals, sustained the administrative judge's initial decisions reversing the appellant's placement on

two periods of enforced leave, and remanded the joined appeals to the administrative judge for further adjudication of the affirmative defenses raised in both appeals. *See Doe*, 117 M.S.P.R. 579, ¶ 2. Shortly after the Board issued its decision in *Doe*, the appellant filed a petition for enforcement with the administrative judge alleging that the agency failed to pay her back pay for the periods of time she was on enforced leave that the Board had reversed. *See Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-09-0881-C-1, Compliance File (CF), Tab 1. The administrative judge issued a compliance initial decision denying the petition for enforcement and finding the agency in compliance. CF, Tab 12, Compliance Initial Decision (CID). In his compliance initial decision, the administrative judge found that the appellant's enforcement proceeding was premature because the Board's decision in *Doe* did not order the agency to pay the appellant any lost back pay. *See* CID at 3; *see also Doe*, 117 M.S.P.R. 579, ¶ 53 (remanding only the affirmative defenses to the administrative judge for further adjudication and issuance of a remand initial decision with mixed-case appeal rights).

¶3        The appellant filed a petition for review of the compliance initial decision. *See Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-09-0881-C-1, Compliance Petition for Review File, Tab 1. In her petition for review, the appellant challenged the administrative judge's finding of agency compliance, and alternatively requested that the Board reopen its prior decision in *Doe* and "order immediate relief in the form of the 20 weeks back pay . . . for the improper suspensions." *Id*. at 5. In a nonprecedential final order, the Board denied the appellant's petition for review and affirmed the compliance initial decision, agreeing with the administrative judge that the Board's decision in *Doe* did not order the agency to provide the appellant back pay. *Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-09-0881-C-1, Final Order at 4 (Nov. 19, 2013) (Final Order). The Board, however, exercised its discretion under 5 C.F.R. § 1201.118, reopened its prior Opinion and Order, and

modified *Doe* by ordering the agency to pay the appellant the correct amount of back pay for the periods of time she was on enforced leave. *Id*. at 4-5.

¶4 Following the issuance of the nonprecedential final order, the appellant filed the instant motion seeking an award of attorney fees incurred during the compliance proceeding as a prevailing party. *See* Attorney Fee File (AFF), Tab 1. The agency opposed the appellant's fee petition, and in an addendum initial decision, the administrative judge denied the appellant's motion for an award of attorney fees, finding that she was not a prevailing party in the compliance proceeding and thus not eligible to receive an attorney fees award under 5 U.S.C. § 7701(g)(1). AFF, Tab 6, Addendum Initial Decision (AID). In his addendum initial decision, the administrative judge found that, although the Board has held that an appellant need not secure a final Board order finding an agency in noncompliance to secure prevailing party status in an enforcement proceeding, this line of Board authority was distinguishable from the instant case, where the Board affirmed the denial of the petition for enforcement on the merits and found the agency in compliance. AID at 5-7. The administrative judge further explained that, to the extent the appellant could be deemed a prevailing party in connection with the request to reopen, the appellant should direct her fee petition to the full Board. AID at 6.

¶5 The appellant has filed a petition for review arguing that the administrative judge erred in concluding that she was not a prevailing party for purposes of the compliance proceeding because she ultimately secured the relief she sought, i.e., an order from the Board that she be provided the correct back pay amount for the periods of time she was on enforced leave. Petition for Review (PFR) File, Tab 4 at 9-17. The agency has filed a response in opposition, asserting that, because the Board affirmed the denial of the petition for enforcement on the merits, the

appellant cannot be a prevailing party for purposes of recovering her fees incurred during the compliance proceeding.[1]  PFR File, Tab 7 at 11-15.

## ANALYSIS

Standard of Review for Awarding Attorney Fees under 5 U.S.C. § 7701(g)

¶6          Under the "American Rule," each party to litigation ordinarily bears its own attorney fees unless there is express statutory authorization to the contrary. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *West v. Department of Energy*, 24 M.S.P.R. 99, 101 (1984).  In passing the Civil Service Reform Act of 1978, Congress specifically authorized the recovery of reasonable attorney fees for employees who are prevailing parties in Board proceedings.  *See Pecotte v. Department of the Air Force*, 55 M.S.P.R. 165, 168 (1992); *see also* 5 U.S.C. § 7701(g)(1); 5 C.F.R. § 1201.202(a).  To receive an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that:  (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable.  *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015).  The threshold question in assessing an attorney fees petition is whether the appellant is eligible to receive such an award as a prevailing party.  *See Sterner v. Department of the*

---

[1] On review, the agency also argues that it voluntarily paid the appellant her back pay for the enforced leave periods before the administrative judge issued his compliance initial decision, thus also preventing the appellant from securing prevailing party status in the enforcement proceeding.  *See* PFR File, Tab 7 at 12.  The administrative judge rejected this argument in his addendum initial decision, *see* AID at 4, and for the reasons discussed in *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶ 17 (2008), *see infra* ¶ 8, we agree with the administrative judge that this reasoning is unpersuasive.

*Army*, 711 F.2d 1563, 1567 (Fed. Cir. 1983) ("The determination of who prevailed is . . . only a threshold test of eligibility . . . .").[2]

¶7        In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), the U.S. Supreme Court held that, to be considered a prevailing party for purposes of a fee-shifting statute, a party must have "obtained an enforceable judgment" resulting in a "material alteration of the legal relationship" between the parties. *Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 10 (2010). Applying the standard articulated in *Buckhannon*, the Board has held that an appellant who shows that she obtained a material alteration of the legal relationship between the parties through an enforceable final judgment on the merits or a settlement agreement entered into the record for purposes of enforcement by the Board is a "prevailing party" for purposes of 5 U.S.C. § 7701(g)(1). *Sanchez*, 116 M.S.P.R. 183, ¶ 10.

¶8        The Board also has addressed whether an appellant is eligible for a separate attorney fees award as a prevailing party in a compliance or enforcement proceeding before the Board. *See Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010); *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶¶ 14-15 (2008). In *Mynard*, the Board discussed the impact of *Buckhannon* on an appellant's eligibility to receive a fee award in a petition for enforcement, and it held that a party may achieve "prevailing party" status without obtaining an enforceable judgment on the merits of the compliance proceeding so long as the relief the party achieves carries with it sufficient Board imprimatur. 108 M.S.P.R. 58, ¶ 16. Thus, in *Mynard*, the Board found that its

[2] After determining whether the appellant is eligible to receive an attorney fees award under section 7701(g), the Board next considers whether the appellant has established an entitlement to an award of fees in the interests of justice, and if so, whether the fees sought are reasonable. *See Sterner*, 711 F.2d at 1567. Because the administrative judge determined that the appellant was not eligible for an award of fees under section 7701(g) as a prevailing party, he did not decide these latter issues. We also do not reach these questions on petition for review.

oversight of the parties' compliance efforts provides the petition for enforcement process with sufficient Board imprimatur to allow an appellant to secure prevailing party status under section 7701(g)(1) even in the absence of either a Board order finding the agency in noncompliance or an agreement executed by the parties to settle the compliance matter. *Id*., ¶ 17.

The appellant is not a prevailing party in the compliance proceeding under section 7701(g)(1).

¶9    Applying these standards, we agree with the administrative judge that the appellant is not a prevailing party in the compliance proceeding under section 7701(g)(1). Although the Board has found that an appellant need not secure a final Board order to qualify as a prevailing party in a compliance proceeding, *see Mynard*, 108 M.S.P.R. 58, ¶ 17, here, the parties did not mutually resolve the compliance proceeding before the Board could issue a final order. Rather, the administrative judge denied the appellant's petition for enforcement on its merits, and the Board affirmed the administrative judge's denial, agreeing that there was no order that the agency had failed to honor and finding the agency in compliance.[3]  *See* Final Order at 4; CID at 5-7. Under these facts, we agree with the administrative judge that this case is distinguishable from *Mynard*, and that as to the compliance proceeding, the appellant did not achieve any degree of relief that could make her a prevailing party for purposes of recovering the attorney fees she incurred during that proceeding.[4]  Because the appellant's

---

[3] In *Mynard*, the Board followed the decisions of several Federal courts of appeal that had distinguished *Buckhannon* in cases where a party seeks to enforce a court order, but is able to resolve the dispute before the court can render a judgment in the enforcement proceeding. *See* 108 M.S.P.R. 58, ¶¶ 10, 15-17.

[4] We emphasize that the appellant has only petitioned for an award of fees stemming from her filing of the petition for enforcement and that she has yet to petition for an award of fees incurred in connection with the merits phase of her joined appeals. *See infra* ¶ 13 n.7. Any attorney fees award the appellant may seek in connection with the merits phase of her joined appeals is not before us at this time.

compliance proceeding did not bring about a material alteration of the legal relationship between the parties, and because that proceeding was resolved in the agency's favor with a finding of agency compliance both before the administrative judge and before the Board on petition for review, we agree that the appellant is not a prevailing party entitled to an award of fees incurred during the course of the compliance proceeding under 5 U.S.C. § 7701(g)(1).

To the extent the appellant secured some degree of relief in persuading the Board to reopen its prior Opinion and Order in *Doe*, the appellant should seek such an award of reasonable attorney fees from the administrative judge after the Board issues a final decision in the merits phase of her joined appeals.

¶10    Although we find that the appellant is not a prevailing party for purposes of the petition for enforcement proceeding, we find that she is a prevailing party in connection with her success in persuading the Board to exercise its discretion under 5 C.F.R. § 1201.118 to reopen its prior Opinion and Order and obtain further relief in her underlying appeals. Because a request to reopen is part of the prior appeal subject to the request, and not an independent appeal, should the appellant establish an entitlement to an award of attorney fees in the merits phase of her joined appeals, she would also establish an entitlement to an award of attorney fees incurred in connection with her efforts in reopening and obtaining further relief as to those appeals.[5]

---

[5] The administrative judge issued a remand initial decision on June 30, 2015, denying the appellant's affirmative defenses on their merits. *See Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-09-0881-B-2, Tab 85, Remand Initial Decision. The appellant received two extensions of time to file her petition for review of the remand initial decision and filed her petition for review on September 18, 2015. *See Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-09-0881-B-2, Petition for Review File, Tabs 4, 9, 11. The Board thus has not yet issued a final decision on the merits phase of the appellant's joined appeals, and the time to file a motion for attorney fees incurred therein has not yet begun. *See* 5 C.F.R. § 1201.203(d) (a motion for attorney fees must be filed as soon as possible after a final Board decision but no later than 60 days after the date on which a decision becomes final).

Conclusion

¶11     For the foregoing reasons, the administrative judge's denial of the appellant's motion for an award of attorney fees incurred in the petition for enforcement is affirmed, and the appellant's petition for review is denied.

ORDER

¶12     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.